UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PHILLIPS, III (#761660),

                Plaintiff,

CASE NO. 4:12-CV-14191
JUDGE MARK A. GOLDSMITH
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ERIK K. SHINSEKI,
ROGER LANE and
VETERANS ADMINISTRATION
HOSPITAL,

                Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' DECEMBER 21, 2012 MOTION TO DISMISS (Doc. Ent. 7)**

**I.**     **RECOMMENDATION:** The Court should grant defendants' December 21, 2012 motion to dismiss (Doc. Ent. 7) and dismiss plaintiff's September 20, 2012 complaint (Doc. Ent. 1) as barred by the doctrine of claim preclusion.

**II.**     **REPORT:**

**A.**     **Background**

    Simon Phillips, III (#761660) is currently incarcerated at the MDOC's Oaks Correctional Facility (ECF) in Manistee, Michigan, where he is serving (A) sentences imposed on December 14, 2011 in Case No. CRW-08-2145-FC (Washtenaw County) for, among other things, a November 22, 2008 1st degree home invasion and (B) sentences imposed on April 1, 2010 in Case No. CRW-08-2139-FH (Washtenaw County) for November 14, 2008 1st and 3rd degree

home invasion.[1]

Phillips has filed multiple cases in this Court:

**1.** On March 25, 2010, while incarcerated at the Washtenaw County Jail (WCJ), Phillips filed *Phillips v. Veterans Administration Hospital*, Case No. 2:10-cv-11195-GCS-MAR and *Phillips v. Settles*, Case No. 2:10-cv-11197-PJD-RSW. In the former, judgment was entered on August 2, 2011 and affirmed by the Sixth Circuit on June 13, 2012 (Case No. 11-2396). In the latter, judgment was entered on September 15, 2011 and affirmed by the Sixth Circuit on September 5, 2012 (Case No. 11-2269).

**2.** On June 17, 2010, while incarcerated at the St. Louis Correctional Facility (SLF), Phillips filed *Phillips v. Bryant* (Veteran Hospital Union President), Case 2:10-cv-12387-GCS-MAR. On February 9, 2012, Judge Steeh entered judgment in favor of defendant and against plaintiff.

**3.** Then, on January 12, 2012, Phillips filed *Phillips v. Union UAW AFGE AFL-CIO President*, Case No. 2:12-cv-10135-BAF-PJK. On February 3, 2012, Judge Friedman entered an opinion and order which dismissed the complaint.

**4.** Later that year, on September 20, 2012, Phillips filed two more cases: *Phillips v. AFGE AFL-CIO (UAW Union) and Max Bryant (President, AFGE Union)*, 2:12-cv-14192-GCS-LJM, which Judge Steeh dismissed on November 8, 2012 pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and the instant case, which is described below.

**B.    Instant Case**

---

[1]On November 23, 2010, plaintiff's sentence for a November 14, 2008 offense of domestic violence was discharged. Case No. CRW-08-2139-FH (Washtenaw County). *See* www.michigan.gov/corrections, "Offender Search."

On September 20, 2012, Phillips filed this pro se lawsuit (4:12-cv-14191-MAG-PJK) against Eric K. Shinseki, Secretary, Department of Veterans Affairs; Roger Lane, described as the Housekeeping Department Boss; and the Veterans Administration Hospital.  Doc. Ent. 1 at 1-6.  This complaint is based upon Phillips's November 2008 termination from the Veterans Administration Hospital.  Doc. Ent. 1 at 2.

Judge Goldsmith has referred this case to me for all pretrial matters. Doc. Ent. 5.

**C.      Pending Motion**

On December 21, 2012, defendants filed a motion to dismiss (Doc. Ent. 7), which argues that "[t]he doctrine of claim preclusion bars plaintiff from relitigating claims related to his discharge[.]" Doc. Ent. 7 at 5-7.  Attached to this motion are Judge Steeh's August 2, 2011 order granting Veterans Administration Hospital's motion to dismiss and the Clerk of the Court's August 2, 2011 judgment in Case No. 10-cv-11195 (Doc. Ent. 7-2); Judge Steeh's September 14, 2011 order denying plaintiff's motion for reconsideration in Case No. 10-cv-11195 (Doc. Ent. 7-3); the Sixth Circuit's June 13, 2012 decision in No. 11-2396 in Case No. 10-cv-11195 (Doc. Ent. 7-4); Judge Friedman's February 3, 2012 opinion and order granting plaintiff's application to proceed in forma pauperis and dismissing the complaint in Case No. 12-cv-10135 (Doc. Ent. 7-5); and Judge Friedman's July 6, 2012 order denying motion for reconsideration and December 14, 2012 order denying motion for reconsideration and appointment of counsel in Case No. 12-cv-10135 (Doc. Ent. 7-6).

On January 3, 2013, I entered an order requiring any response to be filed on or before February 5, 2013. Doc. Ent. 8.  On January 28, 2013, I entered an order (Doc. Ent. 10) granting plaintiff Phillips's January 22, 2013 motion for extension of time (Doc. Ent. 9) and extending the

3

response deadline to March 15, 2013.

On March 11, 2013, I entered an order (Doc. Ent. 12) granting plaintiff's March 1, 2013 motion for extension of time (Doc. Ent. 11) and extending the deadline for a response to defendants' December 21, 2012 motion to dismiss (Doc. Ent. 7). Therein, I gave plaintiff up to and including April 18, 2013 by which to file a response to defendants' December 21, 2012 motion to dismiss (Doc. Ent. 7) and also stated that "[n]o further extension of this response deadline will be granted." Doc. Ent. 12 at 3.

**D.      Discussion**

**1.      Defendants' December 21, 2012 motion to dismiss (Doc. Ent. 7) is unopposed.**

Plaintiff filed his complaint on September 20, 2012 (Doc. Ent. 1), and, on October 9, 2012, Judge Goldsmith entered an order (Doc. Ent. 4) granting the application to proceed in forma pauperis (Doc. Ent. 2) and granting the request for service by the U.S. Marshal.

After defendants filed their December 21, 2012 motion to dismiss (Doc. Ent. 7), I entered an order (Doc. Ent. 8) setting the response deadline for February 5, 2013. Twice, plaintiff has sought extensions of time to respond. Doc. Entries 9 & 11. In each case, plaintiff's requests for extension were granted. Doc. Entries 10 & 12.

Nonetheless, to date, no response has been filed to the pending December 21, 2012 motion to dismiss (Doc. Ent. 7).

**2.      The Court should grant defendants' December 21, 2012 motion to dismiss (Doc. Ent. 7).**

**a.**     In their December 21, 2012 motion to dismiss, defendants argue that plaintiff's complaint "fails to state a claim and should be dismissed for failure to state a claim upon which relief can be granted[.]" Specifically, defendants contend that "[t]he doctrine of claim preclusion bars

plaintiff from relitigating claims related to his discharge[.]" Doc. Ent. 7 at 5-7.

As the Sixth Circuit has directed:

> We use a four-part test for determining whether a subsequent action is barred by the doctrine of res judicata, or to be more precise in this circumstance, claim preclusion.  "[R]es judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995).

*Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (internal footnote omitted).

First, citing *Phillips v. Veterans Administration Hospital*, Case No. 2:10-cv-11195-GCS-MAR (E.D. Mich.), defendants note that "plaintiff previously filed a complaint in federal district court regarding the Veterans Administration Hospital [on March 25, 2010] and the district court granted judgment in favor of defendant [on August 2, 2011]." Second, defendants point out, "Phillips was the plaintiff in both actions, and the named defendant in both cases was the Veterans Administration Hospital.  Eric Shinseki is the Secretary of Veterans Affairs, which includes the employees of the Veterans Administration Hospital." Third, defendants argue, "the issues in this case [12-14191] are identical to issues in the previous case [10-11195]."  Fourth, it is defendants' position that "in both cases, plaintiff claimed that he was wrongfully discharged from his employment as a housekeeper at the Veterans Administration Hospital, treated differently than other employees, and subjected to race discrimination.   This case is based on the same set of facts as the previous litigation." Doc. Ent. 7 at 6.

"The doctrine precludes litigation of claims that 'were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding.'" *E.E.O.C. v.*

*Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462-463 (6th Cir. 1999) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). Therefore, defendants contend, "[b]ecause plaintiff's previous case [10-11195] was dismissed and judgment was entered in favor of defendant, the instant complaint [12-14191] is barred by the doctrine of claim preclusion." Doc. Ent. 7 at 6-7. It is defendants' position that plaintiff's complaint should be dismissed with prejudice. Doc. Ent. 7 at 7.

**b.**     Upon consideration, the Court should dismiss this case. In *Phillips v. Veterans Administration Hospital*, Case No. 2:10-cv-11195-GCS-MAR (E.D. Mich.), plaintiff stated:

> I filed a complaint at EEOC-471-2009-026 Discrimination[.] This all[e]gation of employment discrimination. I came to jail Aug 08 domestic violence. I contacted Supervisor Derrick Bailey for leave of absen[ce] without pay. So as I was fired after 3 [years] of employment no write ups and loved my job. I contact[ed] union rep Max who told me he would call me, because there were several co-workers with the same issue. They were reinstated back to the[ir] jobs. My executive boss told me that in three [years] and he didn't know me so I had to be a good worker. He told me to re-apply for my job. I left it to the union rep. I after all of this losing my job I start[ed] drinking drugs and through all this stress I lost control of my mind. I'm in jail facing 10 to life.
>
> I would like to be paid[] all wages lost leading up to me falling 40 [feet] broke my neck, back, collar bone, ribs r/side, traumatic head injury. And after all of this I wake up in U of M Hospital. Not aware of [any]thing I did after climbing a four story apt. Before all of this a lady friend opened my mail activated my ATM [$1,400.00] and this also played a part in my violence. I almost lost my life or could [have] possibly taken another life. I will be sentence[d] [April 1, 2010] with justice not being serve[d] for exculpatory evidence, ineffective counsel. I want back pay for a [year's] wages and overtime plus [discrimination] pain and suffering up to $100,000[.]00.

Doc. Ent. 1 at 3. Magistrate Judge Randon concluded that Phillips "has not stated a claim upon which he is entitled to relief under Title VII, because Plaintiff's complaint lacks any allegation that he is a member of a protected class or that those 'similarly situated employees' were in a non-protected category." Magistrate Judge Randon also observed that plaintiff "fails to plead sufficient facts that would show that other employees were treated differently than him for

6

having similar issues." Furthermore, Magistrate Judge Randon noted that plaintiff had failed to name a proper party defendant. *See* Doc. Ent. 22 at 4-6. To be sure, plaintiff subsequently stated that he is an African American. Doc. Ent. 23 at 2. However, in accepting and adopting the report and recommendation, granting the motion to dismiss and dismissing plaintiff's complaint, Judge Steeh noted that plaintiff did "not allege that the 'similarly situated employees' referenced in his complaint [were] in a non-protected category[,]" and did not "correct the named defendant error." Doc. Ent. 27. The Sixth Circuit affirmed the district court's judgment on June 13, 2012. Doc. Ent. 40. The mandate issued on August 6, 2012. Doc. Ent. 41.

Approximately six weeks later, on September 20, 2012, plaintiff filed the instant case - *Phillips v. Shinseki, Lane & Veterans Administration Hospital*, Case No. 4:12-cv-14191-MAG-PJK - which alleges:

> Dec 2010 I Simon Phillips filed a complaint pro se Erik K. Shinseki Sec. of Dept VA Hospital Roger lane Boss of Housekeeping Dept. I was terminated by Roger lane NOV 08 without union representation and or warning or exit interview allegedly in violation of employee handbook. Therefore my contract was breached and me being discharged without fair procedure. Instead of following [its] define four step procedure which in case of termination would have involved arbitration as part of the appeals process. After being dismissed by human resource manager violated policy for termination arbitration stipulation policy for termination disciplinary policy steps, a warning, a verbal warning, then termination, which constituted a Breach of Contract, which clearly violated my due process. Simon Phillips being an African American was treated differently than other non-African American [e]mployee[s] and therefore discriminated against.[2]

---

[2] In a section titled, "Statement of Claims," plaintiff cites *Chandler v. W.E. Welch & Associates, Inc.*, 533 F.Supp.2d 94, 98 (D.D.C. 2008) ("Pro se plaintiff Johnny Ray Chandler, Sr. brings a variety of claims against his former employer, W.E. Welch & Associates, Inc. ("Welch"), and Welch employees Jeff Mahoney and Kim Gipe."); *Jackman v. United States*, 604 F.Supp.2d 84, 85 (D.D.C. 2009) ("Jackman, a prisoner serving a federal sentence, brings this action under 42 U.S.C. § 1983, alleging violations of his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights, as well as his constitutional protection against being subjected to

>   For the foregoing reasons, I Simon Phillips being pro se respectfully request this Honorable Court to except my compl[ai]nt and consider liberally all of the facts; and come to a reasonable standard of justice. I would ask that the courts require all responsible to claim and compensate employee by standards of federal civil rights and procedure. Also whatever other conditions [are] implemented by [the] United States District Court.

*See* Doc. Ent. 1 at 2-5.

In the instant case, plaintiff rectifies many of the matters which were the bases of the Court's dismissal of 10-11195. For example, in the instant September 20, 2012 complaint, plaintiff identifies himself as an African American, alleges that he was treated differently than other non-African American employees, and names Shinseki as a defendant. *See* Doc. Ent. 1 at 2.[3]

Nonetheless, it remains the case that (1) the August 2, 2011 order and judgment in 10-

---

ex post facto laws."); *Gutierrez v. Molina*, 447 F.Supp.2d 168, 174-176 (D. Puerto Rico 2006) (political discrimination) (affirmed by *Marrero-Gutierrez v. Molina*, 491 F.3d 1 (1st Cir. 2007)); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 706 (6th Cir. 2006) ("Wright filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination by Murray Guard on the basis of race and sex."); *Franconia Associates v. United States*, 240 F.3d 1358, 1360 (Fed. Cir. 2001) ("In their complaint appellants alleged that, by restricting their ability to prepay their FmHA loans, ELIHPA and the 1992 legislation had constituted a breach of their contracts with FmHA and had amounted to a taking of their property, in violation of the Fifth Amendment to the Constitution.") (*reversed by* 536 U.S. 129 (2002)); *Credit Card Debt Solutions, Inc. v. Home Federal Bank*, 363 F.3d 805, 807 (8th Cir. 2004) ("This case involves a contractual dispute between Credit Card Debt Solutions, Inc. (CCDS) and Home Federal Bank (Home Federal)."); and *Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, 694 F.Supp.2d 449, 453 (D. Md. 2010) ("Plaintiff then filed the underlying Complaint initiating this action, alleging that Defendants 'defaulted under the Settlement Agreement and First Amendment by failing to make the required payments to Corsair and by failing to provide Corsair with a binding commitment letter and corresponding loan/investment documents.'").

[3]If the Court agrees with the conclusions reached in this report and recommendation, it need not consider whether plaintiff's September 20, 2012 complaint in the instant case (12-14191) addresses Magistrate Judge Randon's June 28, 2011 observation that plaintiff's March 25, 2010 complaint (10-11195) "fails to plead sufficient facts that would show that other employees were treated differently than him for having similar issues."

11195 were a final decision on the merits;[4] (2) Case No.12-14191, filed on September 20, 2012, is a subsequent action between the same parties or their privies;[5] (3) the issues in the subsequent action (12-14191, which alleges wrongful/discriminatory termination, breach of contract, due process violation) were litigated or should have been litigated in the prior action (10-11195, which alleged employment discrimination and wrongful termination); and (4) the instant case (12-14191) is based on the same set of facts as those in the prior action (10-11195) - the termination of plaintiff's employment with the Veterans Administration Hospital.[6]

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

---

[4] Judge Steeh's August 2, 2011 order in 10-11195 acknowledged Magistrate Judge Randon's finding that "plaintiff failed to state a claim as he failed to allege that he is a member of a protected class and that the 'similarly situated employees' referenced in his complaint were in a non-protected category." "[A] dismissal for failure to state a claim under Rule 12(b)(6) is considered a dismissal on the merits." *Wilkins v. Jakeway*, 183 F.3d 528, 533 n.6 (6th Cir. 1999) (citing *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 917 (6th Cir. 1986)).

[5] In Case No. 10-11195 the parties were plaintiff Phillips and defendant Veterans Administration Hospital (presumably referring to the John D. Dingell VA Medical Center, *see* www.detroit.va.gov). In the instant case (Case No. 12-14191) the parties are plaintiff and defendants Shinseki (Secretary of Veterans Affairs), Lane (who plaintiff has described as the Housekeeping Department boss) and the Veterans Administration Hospital.
In *Fleming v. Veterans Admin.*, No. 10-7226, 2013 WL 1148375 (E.D. Pa. Mar. 20, 2013), Fleming filed a lawsuit against the Veterans Administration and individual defendants Opfer, Gromek and Lavine. Therein, the Court stated, "because these defendants are former and current employees of the VA, for the purposes of issue and claim preclusion, they are considered privies of VA." *Fleming*, 2013 WL 1148375 at 4.

[6] "Identity of cause of action is defined as an identity of the facts creating the right of action and of the evidence necessary to sustain each action. As the district court observed, JMS's present complaint is based on the same facts as those in the first action against Kodak, *i.e.*, the leasing of the Kodak OCR System. Both allege the same legal theories. Therefore, the evidence in both cases is the same." *J.M.S. & Associates, Inc. v. Eastman Kodak Co.*, No. 97-1348, 1998 WL 415988, 4 (6th Cir. July 6, 1998) (internal citation and quotations omitted).

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: May 16, 2013

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Simon Phillips III and counsel of record.

Dated: May 16, 2013                s/ Lisa C. Bartlett
                                   Case Manager