UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PHILLIPS,

      Plaintiff,                                        Civil Action No.
                                                          12-CV-14191

vs.

                                                          HON. MARK A. GOLDSMITH

ERIK K. SHINSEKI, et al.,

      Defendants.
_____/

**ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS, and (3) GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Paul J Komives, issued on May 15, 2013. The Magistrate Judge recommends that Defendants' motion to dismiss be granted. The Court has reviewed the R&R and concludes that the Magistrate Judge correctly analyzed the issues presented and reached the proper result for the proper reasons.[1] Accordingly, Defendants' motion to dismiss is granted for the reasons stated in the R&R, and this case is dismissed.

---

[1] Plaintiff filed objections to the R&R; however, the Court overrules them for two independently sufficient reasons. First, Plaintiff did not respond to the underlying motion to dismiss despite: (i) an order by the Magistrate Judge requiring a response, and (ii) the fact that the Magistrate Judge granted Plaintiff two extensions of time in which to file a response to the motion. See Watson v. Rentenbach Eng'g Co., No. 09-CV-150, 2013 WL 1292674, at *1 (E.D. Tenn. Mar. 28, 2013) ("[F]ailing to respond to a motion referred to a magistrate judge and then opposing the motion in an objection to a report and recommendation issued by the magistrate judge circumvents the entire referral process."). Second, the objections are not specific and do not address the applicability of the claim preclusion doctrine, which is the doctrine on which the motion to dismiss and the Magistrate Judge's R&R is based. See Allen v. Ohio Dep't of Rehab. & Corr., 1999 WL 1336100, 202 F.3d 267 (Table) (6th Cir. Dec. 20, 1999) ("A general objection which does not specify the issues of contention is tantamount to filing no objections at all and does not satisfy the requirement that objections be filed.").

SO ORDERED.

Dated: June 10, 2013                                s/Mark A. Goldsmith
       Flint, Michigan                           MARK A. GOLDSMITH
                                                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2013.

                                                              s/Deborah J. Goltz
                                                              DEBORAH J. GOLTZ
                                                              Case Manager